United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60273
Summary Calendar

_____

MICHAEL A. MCGRATH; FRANCES Y. MCGRATH,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the United States Tax Court
(126-99)

_____

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Petitioners challenge, *pro se*, the Tax Court decision that certain expenses, characterized as capital improvements, were not wholly deductible in 1995. That year, pursuant to leasing commercial space, Petitioners were required by the lease to make substantial and quite fundamental permanent improvements to the leasehold in order to, *inter alia*, be able to occupy it. The improvements, completed in 1995, cost more than $111,000. Concomitantly, the lease called for Petitioners to receive a six-

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

month rent reduction, valued at approximately $18,000. Petitioners deducted the entire cost of the improvements on their 1995 tax return. The lease was terminated in 1997.

The IRS agrees that the portion of the expenses corresponding to the rent reduction was deductible in 1995. At issue is whether the remaining $92,000 was deductible then, or whether Petitioners could only take depreciation deductions until the lease's termination in 1997.

Generally, lessees must depreciate improvements they make to the leasehold. *See* 26 C.F.R. §§ 1.162-11(b) and 1.167(a)-4. Petitioners contend, however, the improvements were deductible as

> *other payments* required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

I.R.C. § 162(a)(3) (emphasis added).

We review such contentions *de novo*. *E.g.*, **Byram v. United States**, 705 F.2d 1418, 1421-23 (5th Cir. 1983). "Other payments" do not include capital improvements a lessee makes to a lessor's property. **Duffy v. Central R.R. Co.**, 268 U.S. 55, 64 (1925); **McGrath v. Comm'r of Internal Revenue**, 84 T.C.M. (CCH) 310 (2002).

*DENIED*

2